UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD DICKMAN, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY, et al.,<br><br>Defendant(s). | Case No. 2:21-CV-2243 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Clark County's motion to dismiss (ECF No. 22) or, in the alternative, motion for summary judgment (ECF No. 23). Plaintiffs Richard Dickman, individually, and with Richard Johnson, as Special Co-Administrators of the Estate of Jason Richard Dickman (collectively, "plaintiffs"), filed a response (ECF No. 27), to which Clark County replied (ECF No. 30).

**I.     Background**

On May 8, 2021, decedent Jason Richard Dickman, who allegedly suffered from schizophrenia and bipolar disorder, was arrested by Las Vegas Metropolitan Police Department ("LVMPD") officers on misdemeanor graffiti charges and transported to Clark County Detention Center ("CCDC") to be held as a pre-trial detainee. (ECF No. 1). Decedent had previously been detained approximately twenty times at CCDC. (*Id*.) Upon arrival at CCDC, decedent was booked and placed in a general population cell. Plaintiffs allege that, due to decedent's purported mental illnesses, this was a constitutional and statutory violation, and he should have been placed in some sort of specialized housing. (*Id.*)

During his detention, decedent was housed with inmate Sergio Dominguez after Dominguez was booked on May 9, 2021, on burglary and arson charges. (*Id.*) According to

**James C. Mahan**
**U.S. District Judge**

plaintiffs, sometime in the afternoon or evening of May 9, decedent and Dominguez had an argument in which Dominguez threatened to kill decedent.  (*Id.*)  Later that night, at approximately 8:11pm, Dominguez beat and strangled decedent using his prison-issued shirt. (*Id.*)  As alleged in the complaint, LVMPD officers at CCDC failed to intervene and allowed decedent's death to occur.  (*Id.*)

Plaintiffs now bring this suit against Clark County, LVMPD, Wellpath LLC ("Wellpath") (the contracted provider of medical services at CCDC), Officer J. Neville, and five Doe defendants.  (*Id.*)  Plaintiff asserts wrongful death, neglect of a vulnerable person, discrimination in violation of the Americans with Disabilities Act, and five 42 U.S.C. § 1983 claims.  Clark County now moves to dismiss the claims against it.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.  Discussion

Plaintiffs bring several claims against Clark County—two 42 U.S.C. § 1983 claims under a *Monell* theory of liability, a disability discrimination claim under the Americans with Disabilities Act, and two state law tort claims. (ECF No. 1). They assert that Clark County is

James C. Mahan
U.S. District Judge

- 3 -

1  responsible for CCDC's conduct because it contracted with Wellpath to provide medical care to
2  individuals in custody at CCDC.  (*Id*.)  Clark County contends that it is merely the funding entity
3  of CCDC and strictly serves that limited purpose.  (ECF No. 22).  Considering this, the court
4  grants Clark County's motion to dismiss and dismisses plaintiff's claims against it.  The court
5  need not consider materials outside the pleadings and thus will not consider the county's
6  alternative motion for summary judgment.

7  Nevada law dictates that Clark County is not responsible for the operation of CCDC.
8  Nev. Rev. Stat. §§ 211.010, 211.020, 211.030.  In pertinent part, NRS 211.010 states that "at
9  least one county jail must be built or provided in each county and maintained in good repair at
10 the expense of the county."  However, "the sheriff is the custodian of the jail in his or her county,
11 and of the prisoners therein, and shall keep the jail personally, or by his or her deputy, or by a
12 jailer or jailers appointed by the sheriff for that purpose."  Nev. Rev. Stat. § 211.030.

13 This court previously resolved an identical issue in *Allen v. Clark Cnty. Det. Ctr.*, No.
14 2:10-CV-00857-RLH, 2012 WL 395646 (D. Nev. Feb. 7, 2012).  There, the plaintiff sued
15 LVMPD, Clark County, and the contracted medical provider for inadequate medical care while
16 in custody at CCDC.  *Id*.  He similarly asserted that Clark County is responsible for the conduct
17 of CCDC because it retains the authority to establish contracts with third-party medical service
18 providers.  *Id*.  The court found Clark County's role to be substantially limited to funding CCDC
19 and therefore not reasonably related to the alleged misconduct.  *Id*.  Accordingly, the court
20 dismissed all the claims against Clark County.  *Id*.

21 The court is persuaded by the reasoning in *Allen*.  While Clark County entered a contract
22 with Wellpath to provide medical services, Clark County executed it as the funding agent on
23 behalf of LVMPD.  The relationship between Clark County as the funding entity and LVMPD as
24 the operating entity is too attenuated to support plaintiff's allegations against Clark County.  *See*
25 *also Pullano v. No. 8170, CCDC Guard*, No. 2:10-CV-00335-KJD, 2011 WL 2680746, at *3 (D.
26 Nev. July 8, 2011); *Scott v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-01900-ECR, 2011 WL
27 2295178, at *4–5 (D. Nev. June 8, 2011).  The court thus finds Clark County's limited
28 involvement is insufficient to reasonably assume it is liable for the claims against it.

**James C. Mahan**
**U.S. District Judge**

- 4 -

While it may be that plaintiffs' allegations are sufficiently pled as to other defendants—a question which the court does not consider at this time—their claims against Clark County fail as a matter of law.  Clark County is, by statute, merely a funding entity for CCDC, and it is not responsible for the policies and conduct of the operators.  Questions of statutory construction and interpretation are questions of law answerable by the court at the pleading stage.  *See Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012).  Therefore, the court dismisses all claims against Clark County.

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so.  Fed. R. Civ. P. 15(a)(2).  The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).  The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim.  *Id.*

Determining that plaintiffs' claims fail as a matter of law as to Clark County, the court finds that granting leave to amend would be futile.  By statute, Clark County has no responsibility for CCDC's operation.  Given that, plaintiffs cannot state a claim for relief against Clark County.  The court thus dismisses the claims against Clark County with prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Clark County's motion to dismiss (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Clark County's motion for summary judgment (ECF No. 23) be, and the same hereby is, DENIED, as moot.

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

1  IT IS FURTHER ORDERED that all claims against Clark County be, and the same
2  hereby are, DISMISSED, with prejudice.
3  DATED December 14, 2022.

_____
UNITED STATES DISTRICT JUDGE